IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE JAMES ATMORE,

    Plaintiff

VS.                    NO. 5:06-CV-327 (DF)

BIBB COUNTY SHERIFF'S
DEPARTMENT; Dr. ANITA
RAE SMITH; Dr. GRANT
CENTRAL STATE POLICE,

    Defendants    **ORDER**

Filed at 4:00 PM
DATE 10/31/06
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Plaintiff **WILLIE JAMES ATMORE**, an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated September 26, 2006 the Court granted plaintiff's application to proceed *in forma pauperis*.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. §1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## *II. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## *III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

Plaintiff states that in 1990 he was assaulted by an unnamed Bibb County Sheriff's deputy. Plaintiff alleges that he was then taken to Central State Hospital in 1990 and Dr. Anita Rae Smith "put [him] on 12 pills a day and a shot every two weeks." Plaintiff states that when he refused to take this medication, Central State Police would hold him down and force him to take the medication. Plaintiff also alleges that Dr. Grant forced him to take some medication in 1991.

Plaintiff's complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A for several reasons. First, the Bibb County Sheriff's Department and the Central State Police are not entities that are capable of being sued under 42 U.S.C. § 1983. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992).

Moreover, the Court notes that plaintiff has filed numerous suits in this Court and this has been explained to plaintiff on many occasions in the past. *See Atmore v. Stembridge*, 5:06-CV-325(WDO) and *Atmore v. Biden*, 5:02-CV-84 (DF).

Moreover, even if plaintiff had named the correct defendants, his action still fails. Plaintiff makes allegations regarding incidents that occurred in 1990 and 1991. These claims are untimely and are barred by the statute of limitations. 42 U.S.C. § 1983 has no statute of limitations of its own. Instead all § 1983 claims are governed by the state limitations statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code Ann. § 9-3-33. Plaintiff's claims arose some time in 1990 and 1991. Therefore, he had approximately two years from these dates bring this action. The statute of limitations had long expired by the time plaintiff filed this action in September 2006.

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this __31__ day of __Oct__, 2006.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

lnb